### GARRETT & SONS *v.* TAYLOR & WILLIAMS.

Without a petition by the creditor as prescribed by section 3297 of
the code, the judge of the superior court has no jurisdiction to
grant or issue an attachment against a fraudulent debtor. A
mere affidavit setting forth the facts is proof, not pleading, and is
no substitute for a petition. In this case, the attachment hav-
ing been issued upon affidavit and without petition, a motion
made by the claimants to dismiss the levy should have been
granted.                                        *Judgment reversed.*

March 5, 1892.

Attachment.   Fraudulent debtor.   Before Judge
WILLIS.   City court of Columbus., April term, 1891.

Attachment on behalf of Taylor & Williams against
Dewberry was issued and levied.   Garrett & Sons inter-
posed a claim, on the trial of which the property was
found subject.   The court overruled motions in arrest
of judgment and for a new trial, and the claimants ex-
cepted.   Among the exceptions are, that the court erred
in refusing to dismiss the levy of the attachment, on
motion of the claimants, on the grounds (1) that "there
was no petition presented or filed to the judge," fully
and distinctly stating the grounds of complaint against
the defendant in attachment and praying for an attach-
ment against his property liable to attachment; (2) that
there was no order of the judge ordering or granting an at-
tachment to be issued.   The affidavit to obtain the attach-
ment was sworn to, and bond executed, before the judge
of the superior court on December 7, 1888; and the attach-
ment was issued by said judge on the same day.   The
ground sworn to was, that Dewberry had " sold his
property, to wit a certain stock of goods in the city of
Columbus, which is liable for the payment of his debts,
for the purpose of avoiding the payment of his debts."
On December 14, the plaintiffs filed their declaration al-
leging that Dewberry was indebted to them on Decem-
ber 1st the sum for which the attachment was sued out
under the code, §3297.

THORNTON & MCMICHAEL and MCNEILL & LEVY, for
plaintiffs in error.

PEABODY, BRANNON & HATCHER, *contra.*